## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **QUINCY KWASI ABOAGYE SINTIM** *et al*, | § | **CASE NO. 17-30896-H2** |
| | § | |
| DEBTORS. | § | **CHAPTER 7** |
| **RODNEY D. TOW, TRUSTEE** | § | |
| | § | |
| | § | |
| v | § | **ADVERSARY NO. _____** |
| | § | |
| **QUINCY KWASI ABOAGYE SINTIM** *et al*, | § | |
| | § | |
| DEFENDANTS. | § | |

### TRUSTEE'S COMPLAINT TO AVOID FRAUDULENT
### TRANSFER UNDER §§ 544(b), 547, AND 548

**To the Honorable David R. Jones:**

Rodney D. Tow, Chapter 7 Trustee, who hereby file this Complaint (the "Complaint")

against QUINCY KWASI ABOAGYE SINTIM AND SHIRLEY MILLS SINTIM and GERD

CREMER (collectively the "Defendants"), and would show the Court as follows:

### PARTIES AND JURISDICTION

1.      Defendants Quincy Kwasi Aboagye Sintim and Shirley Mills Sintim("Debtors")

filed the above styled and number Chapter 7 bankruptcy case, pursuant to 11 U.S.C. § 301 on

February 9, 2017 (the "Filing Date").  The Sintim Defendants are properly a party to this Complaint

as result of their bankruptcy filing. Defendants may be served at 16707 Southern Oaks Drive,

Houston, Texas, 77068.

2.      Gerd Cremer is an individual who may be served at Roteichenweg 12, 51109

Cologne, Germany.

3.      Rodney Tow was appointed Chapter 7 trustee to administer the case.

4.      The meeting of the creditors was concluded on June 20, 2017.

5.      This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A)-(B).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Relief is sought pursuant to 11 U.S.C. §§ 105, 544, 547, & 548.

## SUMMARY OF THE COMPLAINT

Debtors' $2,000,000.00 lien given for a "construction loan" is voidable under 544, 547 and 548 of the Bankruptcy Code when the deed of trust was not executed or filed until the Filing Date. Although the lien references a note, no such note has been produced. Moreover, the Debtors' history of sharp dealing and fraud demonstrate that the purported lien should be avoided under section 548 of the Bankruptcy Code as it was a fraudulent transfer made to hinder and delay creditors.

## STATEMENT OF RELEVANT FACTS

8.      Debtors' scheduled an interest in real property located at 16707 Southern Oaks Drive, Houston, Texas 77068 also legally known as Lot 9, in Block 2 of Phase 1 Par R/P of Estates of Northgate Forest (hereinafter "Southern Oaks") as their principal residence with a value $1,375,482.00. Attached hereto are Defendants' Amended Schedules A and B as **Exhibit 1**.

9.      Debtors' claimed, for Southern Oaks, an exemption of $0.00 under Const. Art. 16 §§ 50 and 51 and Texas Property Code §§ 41.001 and 41.002. Attached hereto as **Exhibit 2** is Defendants' Schedule C.

10.     Debtors scheduled a $2,000,000.00 secured claim on Southern Oaks for a "Construction Loan" from Dr. Gerd Cremer. Debtors scheduled their debt to Brian and Michelle Larson as an unsecured claim for $1,800,000.00; the Larsons filed a proof of claim in the amount

of $1,890,083.54 with $462,651.32 secured by an abstract of judgment on Southern Oaks. The Larson abstract of judgment was filed before the Cremer Construction Loan. Debtors subsequently amended their schedule to reflect the Larson's secured claim.

### History of Transfers by the Debtors & Violation of Court Orders

11.      On May 2, 2011 the Sintim Defendants received Southern Oaks via a general warranty deed from KOH Family Living Trust filed with the Harris County Clerk, File no. 20110173955.  Attached hereto as **Exhibit 3** is the KOH Deed.

12.      On July 2, 2014, Debtors conveyed Southern Oaks to QSS Interest, LLC, a Texas LLC managed by the Debtors.  Attached as **Exhibit 4** is the recorded deed.

13.      On October 29, 2015, in Cause No. 2014-50950 filed in the 61st Judicial District of Harris County, Texas, the district court entered a temporary restraining order, attached hereto as **Exhibit 5**, prohibiting any further transfers of interest or ownership relating to Southern Oaks by the Debtors and/or their entity QSS Interest, LLC.  The district court further extended the temporary restraining order prohibiting any transfer of any interest relating to Southern Oaks; attached as **Exhibit 6** is the Order Extending Amended Temporary Restraining Order.

14.      On November 2, 2015, after the entry of the Temporary Restraining Order of October 29, 2015, the Debtors, in their corporate capacities as managers of QSS Interest, LLC executed a deed conveying the interest of QSS Interest, LLC in Southern Oaks to Quincy K. A. Sintim and Shirley Sintim individually.  Attached as **Exhibit 7** the deed evidencing the transfer. Such transfer was a violation of the Temporary Restraining Order (*see* **Exhibit 5**) entered October 29, 2015. One day later, the Debtors transferred Southern Oaks to the Quincy K-A Sintim and Shirley Mills Sintim Revocable Trust via general warranty deed filed with the Harris County Clerk File no. RP-2016-22199.  Attached hereto as **Exhibit 8** is the Sintim Trust General Warranty Deed.

**Transfer occurred on Filing Date**

15.     On February 9, 2017, the Sintim Defendants recorded and executed a deed of trust for the benefit of Cremer (the "Cremer Deed of Trust"), the basis of which was a promissory note dated January 17, 2011 (the "Cremer Note").   Attached hereto as **Exhibit 9** is the Cremer Deed of Trust.  Although the Cremer Deed of Trust references the Cremer Note, no note has been produced.  The Sintims did not have an interest in Southern Oaks on the date of execution of the alleged Cremer Note as the KOH Family Living Trust owned Southern Oaks.  Interestingly, the Sintims did not schedule any monthly or periodic payments of any kind to Cremer on their schedules and Sintims have not reaffirmed the purported debt to Cremer through the date of this Complaint. Cremer has failed to file a proof of claim in the underlying Sintim bankruptcy case nor has any notice of appearance been entered on behalf of Cremer.

**FRAUDULENT TRANSFERS**

16.     Within 90 days before the filing of the petition, the Debtors caused a transfer to the Defendant Cremer through the transfer of a security interest in Southern Oaks (the "Transfer"). For purposes of 11 U.S.C. § 547, a transfer is effective when a creditor acquires rights in the Debtor's property superior to similarly situated creditor.  *See Weaver v. Aquila Energy Marketing Corp.*, 196 B.R. 945 (1996).  A "transfer" is defined as (50) … every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(50).  Both 11 U.S.C. § 548 and TEX. BUS. & COMM. CODE § 24.005 provide the for avoidance of a transfer if made with the intent to "hinder, delay or defraud" a creditor.  Factors used to assess whether a fraudulent transfer occurred under § 548 of the bankruptcy code include whether a) transfer was done just prior to the bankruptcy filing, b)

debtor is able to explain the disappearance of assets, and c) debtor has engaged in a pattern of "sharp dealing" prior to the bankruptcy.  In re Sissom, 366 B.R. 677, 698 (Bankr. S.D. Tex. 2007).

17.     Texas law also provides that in any proceeding, the court may award costs and reasonable attorney's fees as are equitable and just.   It is equitable and just for the bankruptcy trustee to recover attorney fees when pursuing a recovery of avoidable transfers on behalf of the estate.

### Transfer to Cremer voidable under 11 U.S.C. § 547 Preference

18.     The Transfer was made for and on account of a purported, antecedent debt owed by the Sintim Defendants to the Defendant Cremer based on the alleged Cremer Note. Notwithstanding the foregoing, Cremer's lien was created within the 90 days, actually just a few hours, prior to the Sintim bankruptcy filing and while they were insolvent, and therefore, the Cremer lien is avoidable under 11 U.S.C. § 547.  11 U.S.C. § 547 which provides:

the trustee may avoid any transfer of an interest of the debtor in property
(1) to or for the benefit of a creditor,
(2) for or on account of an antecedent debt owned by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made –
        (A) on or within 90 days before the date of filing of the petition; or
        (b) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if –
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

19.     The Transfer was made for the benefit of the Defendant Cremer as a purported creditor of the Debtors and within the 90 day preference period.  For the purposes of determining whether a transfer of real property has occurred within the meaning of § 547, a transfer is perfected when a bona fide purchaser of the property from the debtor against whom the applicable law

permits such transfer to be perfected cannot acquire an interest superior to the rights of the transferee. 11 U.S.C. § 547(e)(1).  Such conveyance is void as to the creditor or subsequent purchaser for valuable consideration without notice unless the instrument is acknowledged and filed of record.  TEX. PROP. CODE. § 13.001.  TEX. BUS. & COMM. CODE § 23.013.  The Transfer also enabled Cremer to receive more than the he would have received under chapter 7 of the Bankruptcy Code if the Transfer had not been made and if the alleged debt were legitimate.  The Transfer was preferential and avoidable under Section 547 of the Bankruptcy Code.

### Transfer to Cremer voidable under 11 U.S.C. § 548 and Tex. Bus. & Comm. Code § 24.005 Fraudulent Transfer

20.     Texas Law identifies a number of badges of fraud in determining whether fraudulent intent was present: a) transfer was made to an insider; b) debtor retained possession or control of the property after the transfer; c) transfer was concealed; d) before the transfer, the debtor had been sued or threatened with a suit; e) transfer was substantially all of debtor's assets; f) debtor absconded; g) debtor received reasonably equivalent value in exchange for the transfer; h) debtor was insolvent; i) transfer occurred in proximity to the incurrence of substantial debtor and j) debtor transferred the essential assets of a business to a lienor who transferred the assets to an insider of the debtor.  TEX. BUS. & COMM. CODE § 24.005(b).

21.     Section 548 of the Bankruptcy Code permits a trustee to avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition if the debtor voluntarily or involuntarily:

    (a) Made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

    (b) Received less than a reasonably equivalent value in exchange for such transfer or obligation and insolvent on the date such transfer was made or such obligation was

incurred, or became insolvent as a result of such transfer or obligation.  11 U.S.C. 548(a)(1).

The transfer of a security interest to Defendant Cremer *made only hours before the bankruptcy filing* was clearly an action taken with actual intent to hinder, delay or defraud the creditors of the Sintim bankruptcy estate.  In applying the badges of fraud under Texas law, the Debtors meet six of the badges of fraud: 1) debtors still maintain possession of Southern Oaks, 2) the debtors received no value for the Transfer, 3) Southern Oaks was the debtors' primary asset at the time of filing and at the time of the transfer, 4) the debtors were insolvent at the time the Transfer occurred, 5) the transfer was concealed as it occurred on the date of filing and debtors did not amend their statement of financial affairs to include this transfer, and 6) the debtors were heavily involved with litigation with several creditors, including the Larsons who filed an abstract of judgment resulting from the litigation.  Lastly, the Debtors have engaged in a pattern of sharp dealing by the numerous transfers of Southern Oaks prior to their bankruptcy filing.  See In re Agnew, 355 B.R. 276 (Bankr. D. Kan. 2006).

21.    The facts in this case are highly suspect.  The Cremer Deed of Trust references a purported promissory note of $2,000,000.00 dated January 11, 2011   and references the general warranty deed file no. 358124 dated April 10, 2015.  It simply does not make sense for a lien to reference the underlying debt that was allegedly incurred in 2011 to then reference a general warranty deed dated in 2015 with the date of execution of the deed of trust to be two years after the general warranty deed.  Below is partial image from the Cremer Deed of Trust:



This deed of trust lien is also defective and voidable as the debtors did not have an interest in Southern Oaks on the execution date of the alleged Cremer Note .The purported note was claimed to be executed on January 17, 2011 but on that date, the owner of Southern Oaks was KOH Family Living Trust and not the Sintim Defendants; the Sintim Defendants only received Southern Oaks through a general warranty deed signed on April 28, 2011.

22.    Below is a copy of the General Warranty Deed where the Sintim Defendants received Southern Oaks – months after the purported note was made to Defendant Cremer.

**GENERAL WARRANTY DEED**

Date: ~~March~~ April 28th, 2011

Grantor: KOH FAMILY LIVING TRUST DATED JUNE 24, 1999

Grantor's Mailing Address:

8843 Stable Lane
Houston, Tx. 77024

Grantee: QUINCY K. A. SINTIM and SHIRLEY SINTIM          **2EE**

Grantee's Mailing Address:

5203 Norborne Lane
Houston, Tx. 77069

Consideration:       TEN AND NO/100 DOLLARS ($10.00) and other good and valuable
          consideration, the receipt and sufficiency of which is hereby acknowledged

Property (including any improvements):          **D**
          Lot Nine (9), in Block Two (2) of ESTATES OF NORTHGATE FOREST, an
          addition in Harris County, Texas, according to the map or plat thereof
          recorded in Film Code No. 358124 of the Map Records of Harris County,
          Texas.

23.      Because the Cremer Deed of Trust was not just recorded on the Filing Date, but

was also <u>executed</u> on the Filing Date, any lien Defendant Cremer has can be avoided as the alleged

$2,000,000.00 loan was given over 6 years prior to the deed of trust lien:

STATE OF TEXAS          §
          §
COUNTY OF HARRIS          §

          This instrument was acknowledged before me on this ___9___ day of February, 2017, by
Quincy Sintim-Aboagye.

_____          Nital S. Bhakta
Notary Public in and for          (type or print name)
the State of Texas          My Commission Expires: 07/21/2018

AFTER FILING RETURN TO:
James Okonkwo
1010 Lamar 84 Br 260
Houston, TX 77096

NITAL S. BHAKTA
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-21-18

**<u>Transfer to Cremer voidable under 11 U.S.C. § 544 Fraudulent Transfer</u>**

24.      Even if this Court were to find Defendant Cremer had a valid security interest, such

lien is avoidable under section 544 of the Bankruptcy Code as Cremer only became a perfected

security interest holder on the Filing Date, whereas, Plaintiffs perfected their security interest by

two recorded abstracts of judgment dated November 4, 2003 and May 13, 2014.  Section 544 of

the Bankruptcy Code permits a trustee to avoid an unperfected security interest under the rights

and powers of certain, specified creditors, specifically, a hypothetical judicial lien creditor.  *See In*

*re Paramount Int'l*, 154 B.R. 712 (Bankr. N.D. Ill. 1993). A hypothetical creditor in this scenario would be the Larsons, who are judicial lien creditors secured by their abstract of judgment and are properly perfected, whereas, Defendant Cremer perfected his alleged security interest on the Filing Date.

### REQUEST TO AVOID EXEMPTIONS UNDER RULE 4003(b)(2)

24.     Based on numerous transfers of Southern Oaks between the Debtors and their entities and the badges of fraud that exist, it is clear that the claimed exemption was fraudulent. Because the Debtors fraudulently claimed, for Southern Oaks, an exemption of $0.00 under Const. Art. 16 §§ 50 and 51 and Texas Property Code §§ 41.001 and 41.002 when Southern Oaks is owned by the Quincy K-A Sintim and Shirley Mills Sintim Revocable Trust, the Trustee objects to the Debtors' claimed exemption and requests that this Court avoid the Debtors' claimed exemption for Southern Oaks pursuant to Rule 4003(b)(2).

### ATTORNEY FEES

25.     To the extent allowed by applicable law, the Trustee requests that this Court award reasonable attorney's fees.

**WHEREFORE** Rodney D. Tow, Chapter 7 Trustee, requests that this Court:

26.     Find that Defendant Cremer's purported lien on 16707 Southern Oaks Drive, Houston, Texas, 77068 void under 544, 547, and 548, of the Bankruptcy Code;

27.     Find that Defendant Cremer's purported lien on 16707 Southern Oaks Drive, Houston, Texas, 77068 void under the Texas Property Code and other provisions of the Bankruptcy Code;

28.     Avoid the Debtor's claimed exemption on 16707 Southern Oaks Drive, Houston, Texas, 77068 pursuant to Bankruptcy Rule 4003(b)(2); and

29.     Award to Trustee any other relief or monetary damages to which he may be entitled under equity or law.

**Date: October 3, 2018**

                                        Respectfully submitted,

                                        **CORRAL TRAN SINGH, LLP**

                                        */s/Susan Tran*
                                        Adam Corral | TBN: 24080404
                                        Susan Tran | TBN: 24075648
                                        Brendon Singh | TBN: 24075646
                                        1010 Lamar St., Suite 1160
                                        Houston TX 77002
                                        Ph: (832) 975-7300
                                        Fax: (832) 975-7301
                                        Susan Tran@ctsattorneys.com

                                        **ATTORNEYS FOR RODNEY D. TOW,
                                        CHAPTER 7 TRUSTEE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2018, a true and correct copy of this Complaint was served unto the parties below via U.S. First Class Mail and/or facsimile and/or email.

Quincy Kwasi Aboagye & Shirley Sintim
16707 Southern Oaks Drive
Houston, Texas, 77068
Debtor & Defendants

Gerd Cremer
Roteichenweg 12
51109 Cologne, Germany
Defendant

John C. Akard
Coplen & Banks, P.C.
11111 McCracken, Ste A
Cypress, TX 77429
Counsel for Sintim Defendants
Via email: johnakard@attorney-cpa.com

*/s/Susan Tran*
Susan Tran